**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gabriel I. PITTMAN, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 1999.

Filed July 29, 1999.

Craig B. Neely, Allentown, for appellant.

Douglas G. Reichley, Asst. Dist. Atty., Allentown, for Commonwealth, appellee.

Before DEL SOLE, MONTEMURO * and BECK, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from a Judgment of Sentence imposed as a result of Appellant's plea of guilty to third degree murder, recklessly endangering another person and firearms carried without a license, and a *nolo contendere* plea to aggravated assault. The charges stemmed from Appellant's shooting death of an acquaintance outside a crowded after-hours club and his subsequent shooting toward a pursuing police officer. Appellant was sentenced to a term of imprisonment of 20–40 years on the third degree murder charge. Consecutive sentences on the remaining convictions resulted in an aggregate sentence for a period of incarceration of 26–59 years.

¶ 2 Appellant in this appeal challenges the sentence he received. Specifically he contends that application of the Pennsylvania Sentencing Guidelines, 204 Pa.Code Ch. 303, to those convicted of third degree murder deny defendants their due process rights. He further contends that the trial court erred in sentencing when it failed to take into account any mitigating circumstances, when admitting that they existed, and when it considered the fact that the Commonwealth was originally seeking a first degree murder conviction prior to Appellant's plea to the third degree murder charge.

¶ 3 Because these issues challenge the discretionary aspects of sentencing, we must first decide whether to accept Appellant's appeal. 42 Pa.C.S.A. § 9781. Appellant's brief contains the requisite

statement of reasons relied upon in support of appeal as required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Therefore, we must determine if Appellant has raised a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988). In this case we conclude that Appellant has met this threshold requirement by claiming that the court considered irrelevant factors in formulating his sentence. *Commonwealth v. Smithton,* 429 Pa.Super. 55, 631 A.2d 1053 (1993). Further his due process claims do not concern the discretionary aspects of his sentence and are therefore reviewable.

¶ 4 Turning first to the due process challenge we note that this claim has two components. Appellant notes that, regardless of his prior record score, the Sentencing Guidelines for third degree murder provide for a sentence at the top of the standard minimum range which is equal to the maximum minimum sentence allowed by law, 240 months. Appellant claims that this deprives him and others convicted of third degree murder of receiving an aggravated sentence or a sentence outside the Guidelines, for which the court would have to provide specific reasons. He further asserts that because these Guidelines provide for a standard term sentence which is the highest allowed by law, the court will always sentence within the Guidelines and such a sentence will be virtually unreviewable by the appellate courts. Appellant's argument fails on both counts.

¶ 5 Although the Guidelines suggest a standard range sentence which would allow for the imposition of a legal minimum period of incarceration, the Guidelines are that, merely guidelines. While they must be considered by a sentencing court, the court is free to formulate whichever sentence it deems appropriate under the specific circumstances provided. *Commonwealth v. Jones,* 433 Pa.Super. 266, 640 A.2d 914 (1994). The Guidelines recognize

the severity of the crime of third degree murder and do include a 20–year sentence at the top end of the minimum term of a standard sentence, regardless of the prior record score. However in view of the fact that the court is free to sentence to any statutorily allowed term it deems appropriate to the specific circumstances of the case, we do not perceive how this fact alone deprives defendants of any constitutional rights.

¶ 6 Further, the fact that a third degree murder sentence will never exceed the sentencing guideline recommended ranges does not, as Appellant suggests, mean that it will be unreviewable as a discretionary sentence. Where a court sentences within the Guidelines but it is claimed the guidelines were erroneously applied, or where specific circumstances make application of the guidelines unreasonable, Appellant will satisfy his burden of demonstrating that there is a substantial question that the sentence imposed is not appropriate. *Commonwealth v. Kopp,* 405 Pa.Super. 110, 591 A.2d 1122 (1991). Also, where an appellant suggests, as does Appellant here, that the sentencing court considered inappropriate information at sentencing, he will be entitled to review. *Commonwealth v. Smithton, supra.*

¶ 7 Turning to Appellant's specific claims that the court failed to consider his remorse, for which he offered concrete evidence, his alcohol abuse problem, and his good upbringing but considered inappropriate information, the record belies this claim. It is evident from a reading of the transcript that the court was well aware of the evidence presented by Appellant on his behalf in support of mitigation. The court recognized that it had to balance this mitigating evidence against the facts of this crime in which Appellant shot an individual in the head, a crime for which he could have faced a first-degree murder charge. Recognition of this factual background of the crime was not inappropriate. The sentencing transcript is over 100

pages long. The court was very familiar with the particulars of this case and Appellant personally. The court formulated the sentence it imposed in an effort to protect the public, and we see no reason to conclude that the court abused its discretion.

¶ 8 Judgment of Sentence affirmed.

