BLD-150                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2818
_____

GABRIEL I. PITTMAN,
                              Appellant

v.

PENNSYLVANIA GENERAL ASSEMBLY;
PENNSYLVANIA UNIFIED JUDICIAL SYSTEM

Gabriel Pittman,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-07022)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016

Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>


(Opinion filed:  March 3, 2016)

_____

OPINION*
_____

PER CURIAM

Pro se appellant Gabriel Pittman appeals the District Court's orders dismissing his complaint under 28 U.S.C. § 1915(e)(2) and denying his Fed. R. Civ. P. 59(e) motion. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1998, Pittman pleaded guilty in Pennsylvania state court to third-degree murder, reckless endangerment, and carrying a firearm without a license, and he was sentenced to 26 to 59 years' imprisonment. See Commonwealth v. Pittman, 737 A.2d 272, 273 (Pa. Super. Ct. 1999). After an unsuccessful appeal, Pittman filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA), and was denied relief. Subsequently, Pittman filed several additional PCRA petitions that the PCRA court dismissed as untimely.

In 2014, Pittman filed a complaint under 42 U.S.C. § 1983 in the District Court, alleging that the PCRA's statute of limitations violates his rights under the Pennsylvania and United States Constitutions. More specifically, he alleged that (1) the General Assembly's enactment of the statute of limitations encroached on the exclusive

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

rulemaking authority of the Pennsylvania Supreme Court; (2) Pennsylvania courts have erred as a matter of Pennsylvania law in holding that the time limitation is jurisdictional; and (3) treating the time limitation as jurisdictional infringes his right to challenge at any time a judgment that is void because it was entered by a court that lacked jurisdiction. He named as defendants various Pennsylvania courts, individual judges and justices, the General Assembly, Philadelphia and Lehigh Counties, and the Philadelphia and Pennsylvania Associations of District Attorneys. The District Court dismissed Pittman's complaint, concluding that the PCRA's one-year limitation period represented a permissible procedural bar that Pennsylvania was free to impose.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Pittman's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review its denial of the Rule 59(e) motion for abuse of discretion, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm on any ground apparent in the record. See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

There are numerous problems with Pittman's complaint. First, to the extent that Pittman challenges his conviction or sentence, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Second, to the extent that Pittman challenges the state court rulings that his successive petitions were untimely under the PCRA, his claims are barred by the Rooker-Feldman doctrine. See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). That doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

While this doctrine is "narrow," id. at 169, it encompasses at least some aspects of Pittman's complaint. The Pennsylvania courts have deemed Pittman's PCRA petitions time-barred; he argues that he has been injured by these judgments; the judgments preceded the federal action; and he asked the District Court to overrule the state-court orders. Accordingly, Pittman's claims are barred insofar as he challenges the application of the time-bar to his case. See Alvarez v Att'y Gen., 679 F.3d 1257, 1263-64 (11th Cir. 2012) (holding Rooker-Feldman barred an as-applied due process claim).

Finally, while Pittman's broad challenge to the PCRA's statute of limitations may not be barred by Rooker-Feldman, see Skinner v. Switzer, 562 U.S. 521, 532-33 (2011), or Heck, see Wilkinson v. Dotson, 544 U.S. 74, 82 (2005), his arguments lack merit. The

4

Pennsylvania Supreme Court, which provides the "authoritative" interpretation of Pennsylvania law, Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010), has rejected Pittman's claims under state law, Commonwealth v. Morris, 771 A.2d 721, 737 (Pa. 2001) (subsection containing PCRA's limitations period does "not fall within the exclusive procedural rulemaking power of this court"); Commonwealth v. Peterkin, 722 A.2d 638, 643 (Pa. 1998) ("the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [a petitioner's] constitutional right to habeas corpus relief"). Moreover, contrary to Pittman's contention, the federal constitution does not provide a right to defendants to challenge the trial court's jurisdiction "at any time and any place." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see generally Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009) (noting that petitioners have just a "limited interest in postconviction relief" and that states have flexibility in designing postconviction rules). Accordingly, we discern no error in the District Court's order dismissing Pittman's complaint.[1]

In his Rule 59(e) motion, Pittman essentially reiterated arguments that the District Court had rejected in dismissing his complaint. The District Court therefore did not err in

---

[1] Given the legal failings of Pittman's complaint, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

denying that motion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Accordingly, we will summarily affirm the District Court's judgment.  Appellant's motion to file an overlong response to the order listing the matter for possible summary action is granted.