**BLD-082**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3655
_____

GABRIEL I. PITTMAN,
Appellant

v.

FORMER PRESIDENT WILLIAM J. CLINTON;
SENATOR ORRIN HATCH; UNKNOWN MEMBERS OF THE 104TH CONGRESS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:15-cv-01793)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 21, 2016

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gabriel Pittman appeals pro se from the District Court's orders dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and denying his Fed. R. Civ. P. 59(e) motion. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In 1998, Pittman pleaded guilty in Pennsylvania state court to third-degree murder, reckless endangerment, and carrying a firearm without a license, and he was sentenced to 26 to 59 years' imprisonment. See Commonwealth v. Pittman, 737 A.2d 272, 273 (Pa. Super. Ct. 1999). After an unsuccessful appeal, Pittman filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA), and was denied relief. Subsequently, Pittman filed several additional PCRA petitions that the PCRA court dismissed as untimely. Pittman has also unsuccessfully sought post-conviction relief in federal court and has filed multiple unsuccessful civil suits related to his state criminal case.

In 2015, Pittman filed a complaint under 28 U.S.C. § 1331 in the U.S. District Court for the Middle District of Pennsylvania, alleging that two provisions of the Antiterrorism Effective Death Penalty Act ("AEDPA") are unconstitutional. Specifically, he challenged 28 U.S.C. § 2244(d)'s one-year time limit and § 2244(b)'s restrictions on second or successive petitions. The District Court dismissed the complaint as frivolous, concluding, inter alia, that Pittman's arguments challenging AEDPA lacked

2

merit and that his claim for money damages was barred. Pittman sought reconsideration, and the District Court denied the motion. Pittman appeals.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Pittman's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review its denial of the Rule 59(e) motion for abuse of discretion, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm on any ground apparent in the record. See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

## III.

The District Court did not err in dismissing Pittman's complaint. In short, Pittman's challenges to § 2244 are without merit. Courts have repeatedly determined that the time limits imposed by AEDPA are constitutional. See Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998). Similarly, the restrictions on second or successive habeas petitions do not violate the constitution. See Felker v. Turpin, 518 U.S. 651, 663-64 (1996).

Furthermore, to the extent that Pittman is attempting to win damages on a claim of an unlawful conviction, he must first succeed in having his conviction overturned before

---

[1] He was notified that his case was subject to possible summary action. He submits a motion seeking permission to file a late response to that notice and a corresponding

he can seek such relief. A state prisoner's claim for damages is not cognizable in a civil rights action if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can show that the conviction or sentence has been invalidated. Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

In opposing summary action, Pittman claims that the screening procedures of § 1915(e) violate both the Fourth Amendment to, and Article III of, the U.S. Constitution. Pittman does not cite any authority for his challenges, and we are not aware of any. And courts have widely upheld § 1915's screening provisions. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 109-14 (3d Cir. 2003) (discussing the application of § 1915(e)); cf. Rodriguez v. Cook, 169 F.3d 1176, 1181-82 (9th Cir. 1999) (rejecting a separation of powers challenge to a different provision of § 1915). Pittman also contests the District Court's alternative ruling that his constitutional challenges to AEDPA are barred on statute-of-limitations grounds. Because Pittman's underlying challenges are meritless, we need not decide this claim.

In his Rule 59(e) motion, Pittman essentially reiterated arguments that the District Court had rejected in dismissing his complaint. The District Court therefore did not err in denying that motion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

---

response.

IV.

Accordingly, we will affirm the District Court's judgment. Pittman's motion to file a late response to the notice of possible summary action is granted.