J-S35044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
PHILIP MICHAEL PLANO  :
:
Appellant  :  No. 2873 EDA 2019

Appeal from the Judgment of Sentence dated August 30, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006496-2018

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED AUGUST 21, 2020**

Appellant, Philip Michael Plano, appeals from the judgment of sentence of four to eight years of confinement, which was imposed after he pleaded guilty to unlawful contact with minor (relating to sexual offenses), criminal use of communication facility, and driving while operating privilege is suspended or revoked.[1]  We affirm on the basis of the trial court opinion.

The facts underlying this appeal are as follows:

Sergeant Kevin Stebner of the Warrington Township Police . . . in August of 2018, entered an online site called Doublelist and engaged the [Appellant] the using persona of a 14-year-old female.

The two exchanged 742 e-mails, the majority of which were sexually explicit wherein the [Appellant] discussed engaging in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(1), 7512(a) and 75 Pa.C.S. § 1543(a), respectively.

anal sex and using sex toys through a series of meets that the two mutually agreed upon; again, Sergeant Stebner using the persona of a 14-year-old female.

Several different police departments identified [Appellant] as showing up to the Valley Square Shopping Center in Warrington Township, Bucks County. And through that they were eventually able to take him into custody.

The final meet between this, purported 14-year-old girl and [Appellant] was supposed to occur on October 11th of 2018 around 3:30 p.m. when this young lady was purported to be getting out of school.

When officers effectuated a car stop on the [Appellant], he was in possession of the phone which he utilized to send those e-mails and he admitted to that. The car seats were folded down and back, and 12 condoms were found in a trap compartment.

When interviewed, he admitted to being the author of all of the e-mails. He claimed to be meeting the 14-year-old female to save her from being preyed upon by older men.

Trial Court Opinion, filed December 18, 2019, at 1-2.

Following Appellant's aforementioned guilty plea and sentencing, he filed a motion for reconsideration of sentence, which was denied by the trial court on September 13, 2019. On October 4, 2019, Appellant filed this timely appeal.[2]

Appellant presents the following issue for our review:

Whether a sentence of four to eight years, which was in the standard range of the Pennsylvania sentencing guidelines was clearly unreasonable pursuant to 42 Pa.C.S. §9781(c)(2)?

Appellant's Brief at 4 (unnecessary capitalization omitted).

---

[2] On October 29, 2019, Appellant filed his statement of errors complained of on appeal. The trial court entered its opinion on December 18, 2019.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e [normally] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion, and his brief includes a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 10-11.

The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis." *Manivannan*, 186 A.3d at 489. In his Rule 2119(f) Statement, Appellant contends that, "[w]hile the sentencing court sentenced Appellant within the guidelines, this case involves circumstances where the application of the guidelines is clearly unreasonable." Appellant's Brief at 10.

"Where a court sentences within the Guidelines but it is claimed the guidelines were erroneously applied, or where specific circumstances make application of the guidelines unreasonable, Appellant will satisfy his burden of demonstrating that there is a substantial question that the sentence imposed is not appropriate." ***Commonwealth v. Pittman***, 737 A.2d 272, 274 (Pa. Super. 1999). Consequently, Appellant's Rule 2119(f) Statement raises a substantial question.

Appellant argues: "A sentence of four to eight years for Appellant, who was fifty-one years old at the time of sentencing with no prior record and who had no contact with a minor was clearly unreasonable." Appellant's Brief at 11-12. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Wallace H. Bateman, Jr., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. ***See*** Trial Court Opinion, filed December 18, 2019, at 3–5 (the trial court took into account Appellant's background, nature, and character and balanced those factors with a need to protect the community; "[a]lthough there was not an actual 14-year-old, th[e c]ourt believes that had Appellant encountered a child that Appellant would have appeared before it for a more serious crime"). Accordingly, we affirm on the basis of the trial court opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/20</u>