J-S35044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP MICHAEL PLANO | : | |
| | : | |
| Appellant | : | No. 2873 EDA 2019 |

Appeal from the Judgment of Sentence dated August 30, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006496-2018

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                           **FILED AUGUST 21, 2020**

Appellant, Philip Michael Plano, appeals from the judgment of sentence of four to eight years of confinement, which was imposed after he pleaded guilty to unlawful contact with minor (relating to sexual offenses), criminal use of communication facility, and driving while operating privilege is suspended or revoked.[1]  We affirm on the basis of the trial court opinion.

The facts underlying this appeal are as follows:

Sergeant Kevin Stebner of the Warrington Township Police . . . in August of 2018, entered an online site called Doublelist and engaged the [Appellant] the using persona of a 14-year-old female.

The two exchanged 742 e-mails, the majority of which were sexually explicit wherein the [Appellant] discussed engaging in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(1), 7512(a) and 75 Pa.C.S. § 1543(a), respectively.

anal sex and using sex toys through a series of meets that the two mutually agreed upon; again, Sergeant Stebner using the persona of a 14-year-old female.

Several different police departments identified [Appellant] as showing up to the Valley Square Shopping Center in Warrington Township, Bucks County. And through that they were eventually able to take him into custody.

The final meet between this, purported 14-year-old girl and [Appellant] was supposed to occur on October 11th of 2018 around 3:30 p.m. when this young lady was purported to be getting out of school.

When officers effectuated a car stop on the [Appellant], he was in possession of the phone which he utilized to send those e-mails and he admitted to that. The car seats were folded down and back, and 12 condoms were found in a trap compartment.

When interviewed, he admitted to being the author of all of the e-mails. He claimed to be meeting the 14-year-old female to save her from being preyed upon by older men.

Trial Court Opinion, filed December 18, 2019, at 1-2.

Following Appellant's aforementioned guilty plea and sentencing, he filed a motion for reconsideration of sentence, which was denied by the trial court on September 13, 2019. On October 4, 2019, Appellant filed this timely appeal.[2]

Appellant presents the following issue for our review:

Whether a sentence of four to eight years, which was in the standard range of the Pennsylvania sentencing guidelines was clearly unreasonable pursuant to 42 Pa.C.S. §9781(c)(2)?

Appellant's Brief at 4 (unnecessary capitalization omitted).

---

[2] On October 29, 2019, Appellant filed his statement of errors complained of on appeal. The trial court entered its opinion on December 18, 2019.

- 2 -

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e [normally] conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018).  In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion, and his brief includes a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 10-11.

The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis." *Manivannan*, 186 A.3d at 489.  In his Rule 2119(f) Statement, Appellant contends that, "[w]hile the sentencing court sentenced Appellant within the guidelines, this case involves circumstances where the application of the guidelines is clearly unreasonable."  Appellant's Brief at 10.

"Where a court sentences within the Guidelines but it is claimed the guidelines were erroneously applied, or where specific circumstances make application of the guidelines unreasonable, Appellant will satisfy his burden of demonstrating that there is a substantial question that the sentence imposed is not appropriate." *Commonwealth v. Pittman*, 737 A.2d 272, 274 (Pa. Super. 1999). Consequently, Appellant's Rule 2119(f) Statement raises a substantial question.

Appellant argues: "A sentence of four to eight years for Appellant, who was fifty-one years old at the time of sentencing with no prior record and who had no contact with a minor was clearly unreasonable." Appellant's Brief at 11-12. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Wallace H. Bateman, Jr., we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. *See* Trial Court Opinion, filed December 18, 2019, at 3–5 (the trial court took into account Appellant's background, nature, and character and balanced those factors with a need to protect the community; "[a]lthough there was not an actual 14-year-old, th[e c]ourt believes that had Appellant encountered a child that Appellant would have appeared before it for a more serious crime"). Accordingly, we affirm on the basis of the trial court opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

J-S35044-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/20</u>

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY**
**CRIMINAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

          v.

PHILIP MICHAEL PLANO

No. CP-09-CR-0006496-2018

## <u>OPINION</u>

Defendant Philip Michael Plano (hereinafter "Appellant") appeals this Court's September

12, 2019 Order denying his motion for reconsideration of sentence. We file this Opinion

pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

On April 17, 2019, Appellant pled guilty to one (1) count of unlawful contact with

minor,[1] one (1) count of criminal use of a communication facility,[2] and one (1) summary offense

of driving with a suspended license.[3] Appellant substantially agreed to the following facts:

> Sergeant Kevin Stebner of the Warrington Township Police . . . back in August of
> 2018, entered an online site called Doublelist and engaged the [Appellant] using
> the persona of a 14-year-old female.
>
> The two exchanged 742 e-mails, the majority of which were sexually explicit
> wherein the [Appellant] discussed engaging in anal sex and using sex toys through
> a series of meets that the two mutually agreed upon; again, Sergeant Stebner using
> the persona of a 14-year-old female.
>
> Several different police departments identified Mr. Plano as showing up to the
> Valley Square Shopping Center in Warrington Township, Bucks County. And
> through that they were eventually able to take him into custody.

---

[1] 18 Pa.C.S. 6318(a)(1).
[2] 18 Pa.C.S. 7512(a).
[3] 75 Pa.C.S. 1543(a).

The final meet between this purported 14-year-old girl and the defendant was supposed to occur on October 11th of 2018 around 3:30 p.m. when this young lady was purported to be getting out of school.

When officers effectuated a car stop on the [Appellant], he was in possession of the phone which he utilized to send those e-mails and he admitted to that. The car seats were folded down and back, and 12 condoms were found in a trap compartment.

When interviewed, he admitted to being the author of all of the e-mails. He claimed to be meeting the 14-year-old female to save her from being preyed upon by older men.

N.T. 4/17/19, pp. 20-21.

On August 30, 2019, Appellant was sentenced to undergo imprisonment in a state correctional institution for a period of no less than four (4) years to no more than eight (8) years and given credit for time served.

On September 9, 2019, Appellant filed a motion for reconsideration of sentence. This Court denied the motion for reconsideration of sentence on September 12, 2019.

On October 4, 2019, Appellant filed a notice of appeal to the Superior Court.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On October 9, 2019, this Court ordered that Appellant file a concise statement of matters complained of on appeal. On October 29, 2019, Appellant timely filed his statement of matters complained of on appeal, Appellant alleges the following, *verbatim*:

A. Whether the trial court committed an abuse of discretion by sentencing Appellant within the standard range of the Pennsylvania Sentencing Guidelines?
B. Whether a sentence of four to eight years, which was in the standard range of the Pennsylvania Sentencing Guidelines was clearly unreasonable pursuant 42 Pa.C.S. 9781(c)(2)?

## ANALYSIS

Appellant, in his appeal, implicates the discretionary aspects of sentencing and there is no absolute right to direct appellate review of a discretionary sentencing claim. 42 Pa.C.S. §

2

9781(b); see also Commonwealth v. Greene, 702 A.2d 547, 551 (Pa.Super. 1997). Appellant must meet the following two requirements before the Superior Court will review his challenges: (1) "set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence" and (2) show there is a substantial question that the sentence imposed is not appropriate under the sentencing statute. Commonwealth v. Pennington, 751 A.2d 212, 215-16 (Pa.Super. 2000). Ultimately, "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa.Super. 2014).

When reviewing this Court's sentencing of Appellant, Superior Court would look at (1) the nature of circumstances of the offense and the history and characteristics of the appellant; (2) the opportunity of the sentencing court to observe the appellant including any pre-sentence investigation; (3) findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d). Additionally, at the time of sentencing, "the judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 704.

After a recitation of the facts, this Court explained to Appellant that his sentencing guidelines recommended 36 months in the mitigated range, 48 to 66 months in the standard range, and 78 months in the aggravated range for the count of unlawful contact with minor. N.T. 8/30/19, p. 7. Appellant stated for the record that, at the time, he was 51 years old and had never been convicted of a crime prior to this incident. N.T. 8/30/19, pp. 7-8. He had been married for 34 years and has three children. N.T. 8/30/19, p. 9. Appellant stated that at the time of his crimes, he was having significant financial difficulties. N.T. 8/30/19, p. 11. Appellant also stated that he was suffering from significant anxiety at the time of his conduct. N.T. 8/30/19, p. 12. Appellant

stated that he was very remorseful and stated that he takes responsibility for what he has done. Id.

During this Court's sentencing of Appellant, it took into account Appellant's background, nature, and character. This Court considered Appellant's remorse and his acceptance of responsibility. However, this Court highlighted that but for the Warrington Township Police, Appellant would have sexual contact with a 14-year-old and that this case was quite serious. N.T. 8/30/19, p. 20. This Court pointed out that Appellant sent 742 emails and that "[t]his wasn't just a thought in a weak moment." N.T. 8/30/19, p. 21. The Court also stated that "[t]his was something that you pursued and you pursued over some extended period of time. In other words, your thought process was such that you were going to do this, and you were set on doing it." N.T. 8/30/19, p. 21.

This Court clearly explained the need to protect the community as a reason for Appellant's sentence. Although there was not an actual 14-year-old, this Court believes that had Appellant encountered a child that Appellant would have appeared before it for a more serious crime. N.T. 8/30/19, p. 22. This Court explained that there is a need to protect the community from Appellant's behavior. This Court also noted Appellant's need for rehabilitation. Id. This Court stated that there is nothing psychologically wrong with Appellant but that he should be afforded the opportunity to receive psychiatric treatment. N.T. 8/30/19, pp. 22-23.

This Court set out the findings upon which the sentence was based as demonstrated by this Court's statements on the record. Finally, this Court stated the guidelines promulgated by the commission and decided that due to Appellant's criminal behavior that a period of not less than four (4) years to no more than eight (8) years is an appropriate sentence in the standard range. This Court explained that it did not believe that a sentence in the aggravated range or mitigated

4

range was appropriate. It is also important to note that this sentence is well within the standard range as this Court did not sentence Appellant on his other counts. This Court sentenced within the sentencing guidelines' standard range and this Court explained why Appellant's sentence was clearly reasonable. For the reasons above, this Court respectfully requests that the Superior Court affirm this Court's judgment of sentence.

## CONCLUSION

For the foregoing reasons, we respectfully request the Superior Court to affirm this Court's September 12, 2019 Order denying his motion for reconsideration of sentence

_December 18, 2019_

Date

_Wallace H. Bateman_

WALLACE H. BATEMAN, JR., P.J.